United States District Court
Southern District of Texas

**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, AS ASSIGNEE AND SUBROGEE OF ARIS WATER SOLUTIONS, INC., *Plaintiff*, | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-2850 |
| VICTOR CHEN, INDIVIDUALLY, AND D/B/A TYPE A TECHNOLOGIES, TYPE A COMPUTER TECHNOLOGIES, AND TECHIES CORNER, *Defendant*. | § § § § § § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Court is Plaintiff and Counter-Defendant Great American Insurance Company's ("Plaintiff" or "Great American") Motion to Dismiss Counterclaim.[1]  ECF 25.  After considering the pleadings, the arguments, and the applicable law, the Court RECOMMENDS that Plaintiff's Motion to Dismiss (ECF 25) be GRANTED and Defendant Chen's counterclaims be DISMISSED.

## I.    Factual and Procedural Background.

Great American, as assignee and subrogee of its insured Aris Water Solutions, Inc. ("Aris"), brought this action seeking recovery for alleged fraudulent activity

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 10.

committed by Defendant and Counter-Plaintiff Victor Chen ("Defendant" or "Chen") during his employment with Aris. ECF 1. Plaintiff alleges Defendant Chen, as Vice President of Information Technology, conducted transactions on Aris' behalf with several companies he owned without disclosing his interest. ECF 1 ¶¶ 7-11. Plaintiff further alleges that Defendant, among other fraudulent schemes, created fraudulent invoices for computers and other items, submitted payment to his companies, and then failed to provide Aris with the goods. *Id.* Great American claims it paid Aris $621,639.05, the amount of alleged loss from Chen's misappropriation, under a Crime Protection Policy. *Id.* ¶¶ 18. Chen moved to dismiss the complaint (ECF 8), and the Court denied his motion. ECF 16; ECF 32.

Defendant Chen then filed an answer and counterclaims. ECF 22. Chen alleges Aris hired him as Director of Information Technology and one of his responsibilities was to procure equipment through third-party vendors. *Id.* at 1-2. Chen claims Aris management approved the purchases at issue in this case and that Aris received and benefited from the purchased items. *Id.* at 2. Chen further claims Great American paid Aris' claim without verifying whether the allegedly fraudulent invoices were for goods received. *Id.* Chen also asserts that while he owned several independent businesses, he properly disclosed conflicts when requested. *Id.*

Defendant Chen brings counterclaims for negligent investigation and misrepresentation, defamation, and declaratory judgment. *Id.* at 3-4. Plaintiff Great

American moved to dismiss for failure to state a claim.  ECF 25.  Defendant filed a Response, to which Plaintiff replied.  ECF 28; ECF 29.

## II.    Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, a court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  FED. R. CIV. P. 12(d). "A district court may rely on evidence outside the

3

complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022). Going beyond the pleadings is otherwise error. *Id.*

## III.    Analysis.

### A. Defendant fails to state a claim for negligent investigation and misrepresentation.

As a threshold matter, Defendant's counterclaim alleges claims for negligent investigation *and* misrepresentation. ECF 22 at 3-4. In response to the Motion to Dismiss, Defendant clarified that he is bringing only a claim for negligent misrepresentation. ECF 28 at 2. Therefore, the Court restricts its analysis to the claim for negligent misrepresentation. Regardless of Defendant's clarification, his investigation claim fails because Texas law does not recognize a cause of action for negligent investigation or handling of insurance claims. *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir. 2011).

To state a claim for negligent misrepresentation under Texas law, a plaintiff must plead facts demonstrating: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their

4

business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). *See also Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005). Negligent misrepresentation is distinguished from similar torts by its limitation of liability to commercial transactions where the information is supplied for the guidance of others involved in the transaction, who then rely on it to their detriment. RESTATEMENT (SECOND) OF TORTS § 552 (1977).

Defendant claims Plaintiff failed to exercise reasonable care in investigating Aris' claim and simply accepted Aris' assertion that Chen's activities were fraudulent. ECF 22 at 3-4. Defendant further alleges Great American represented his legitimate business activities as fraudulent to third parties in the course of Plaintiff's insurance business. *Id.* Chen alleges that these unidentified third parties foreseeably relied on the false statements, which caused him harm. *Id.*; ECF 28 at 2.

Beyond the vague and conclusory allegations that Great American made misrepresentations to unnamed third parties, Chen has failed to and cannot allege that he was one of the people for whose benefit and guidance Great American supplied the allegedly false information. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 318–19 (5th Cir. 2002) (explaining that the

5

plaintiff must be one of the intended recipients of the information provided as guidance). Indeed, Chen fully failed to plead the information was supplied for the guidance of others in their business. Finally, Chen also has not and cannot allege that *he* relied on the information to his detriment. *See In re Stillwater Abbott Dev., LLC*, No. 24-30097-MVL7, 2026 WL 1293667, at *44 (Bankr. N.D. Tex. May 8, 2026) (explaining that under Texas law, a plaintiff must show actual and justifiable reliance that proximately caused pecuniary damages). Even the most generous reading of Chen's pleadings demonstrates that third parties, not Chen, allegedly relied on the allegedly false information that Chen engaged in fraudulent activities, thereby causing him reputational and economic harm. ECF 22 at 4; ECF 28 at 2. Therefore, Chen fails to state a claim for negligent misrepresentation.

### B. Defendant fails to state a claim for defamation.

Under Texas law, the elements of a defamation claim are: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se." *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) (citing *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017)). A statement is published "if the defamatory statements are communicated orally, in writing, or in print to some third person who is capable of understanding their defamatory import and in

6

such a way that the third person did so understand." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (internal quotation marks and citation omitted). A false statement is defamatory if it injures a person's reputation, as measured by how a person of ordinary intelligence would perceive the statement. *Warren*, 932 F.3d at 383–84. Importantly, "[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (internal quotation marks and citation omitted). This includes statements made in serious contemplation of such proceedings. *Id.*

Defendant alleges that Great American's filings and correspondence referencing his allegedly fraudulent activities contain false statements and were published to unnamed third parties, causing Chen reputational and professional harm. ECF 22 at 4. In his Response in opposition to the Motion to Dismiss, Chen identifies Aris' withholding letter and statements by Aris employees repeating Great American's allegations as pre-litigation defamatory publications. ECF 28 at 5-6.

Defendant's conclusory allegations in his Counterclaim and Response fail to state a claim. As Plaintiff correctly points out (ECF 29 at 4-5), Great American's filings and litigation-related correspondence are covered by the judicial proceedings privilege—even if made with malice. Further, Great American cannot be liable for

defamatory statements made by Aris in a letter, and Chen fails to identify any facts indicating that other Aris statements were foreseeable republications of Great American's allegations. Chen's allegations also fail to specifically identify the third parties to whom Great American allegedly communicated the defamatory statements, the content of the statements, and other details of the alleged publication. *See Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at \*13 (N.D. Tex. June 21, 2011) (explaining a plaintiff's complaint must identify the alleged defamatory statement, its speaker, to whom the statement was communicated, and the time and place of the publication), *report and recommendation adopted,* No. 3:10-CV-1197-G BH, 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd,* 485 F. App'x 676 (5th Cir. 2012). Therefore, Defendant fails to state a claim for defamation.

### C. Defendant's request for declaratory judgment should be dismissed.

Defendant Chen brings a counterclaim for declaratory judgment that seeks "a judicial declaration that the alleged losses were not the result of fraud or misappropriation and that [Great American's] claim payments (if any) were unjustified." ECF 22 at 4. In his Response Chen clarifies that he seeks a declaration on: the validity of Great American's claimed loss; the existence and scope of subrogation rights; the factual basis of Great American's allegations; and whether alleged losses are recoverable. ECF 28 at 5. Plaintiff argues Chen's Counterclaim

8

merely seeks a ruling on the claims Plaintiff brings against Chen in the Complaint (ECF 1).  ECF 29 at 5.

The Court agrees—Chen's request for declaratory judgment seeks a ruling on issues that will be resolved by the outcome of Great American's claims against Chen. "Courts in this circuit typically dismiss declaratory judgment counterclaims that are mirror images of claims or that raise issues that turn on disputed facts that will be resolved in the underlying lawsuit." *United Prop. & Cas. Ins. Co. v. Davis*, No. CV H-18-3227, 2019 WL 4054015, at *8 (S.D. Tex. Aug. 28, 2019) (collecting cases). *See also Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No. 3:05-CV-1883-P, 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006) (dismissing a counterclaim for declaratory judgment that sought a determination of issues already before the court on plaintiff's claims or defendant's defenses).  Therefore, Defendant's counterclaim for declaratory judgment should be dismissed.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Dismiss (ECF 25) be GRANTED and Defendant Chen's counterclaims be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written

9

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 04, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge